at all. On behalf of the appellant, Ms. Rachel Murphy. On behalf of the appellate, Ms. Brenda Manning. Ms. Murphy. Good morning, Your Honors. May it please the Court, Rachel Murphy, Assistant Attorney General, appearing on behalf of the appellants. Your Honors, the circuit court's mandamus judgment should be reversed for three reasons. First, plaintiffs lost their opportunity to seek judicial review of the department's decisions by failing to timely file administrative review actions. Second, plaintiffs have no clear legal right to choose the time and place of their appeal hearings. And finally, the circuit court abused its discretion by entering judgment here without giving the department an opportunity to submit any evidence contesting plaintiffs' allegations. For each of these reasons, we ask this Court to reverse the mandamus judgment. How would the litigants, the plaintiffs here, know about the time limits? I mean, what would be the standard procedure for the time limits? The time limit for administrative review is 35 days from the final administrative decision. Was a final administrative decision communicated to these parties because they did not appear at those hearings? Yes, it was. In the record, Your Honor, are the notices that were sent to the plaintiff's representative stating that the appeals had been dismissed for failure to appear at the hearings. And then also in the record are the denials of the plaintiff's requests for reinstatement. Were those denials? Let's go back then one step. Both of these plaintiffs had asked for a continuance for various reasons. Ms. McCoy asked for a continuance for receipt of medical records. Ms. Guerrero asked that her representative be allowed to appear by phone or alternatively for a postponement. Correct. Were notices sent out resolving those requests? No, Your Honor. Would they normally be sent out resolving those requests? No, Your Honor. The Department's regulations state, with respect to postponements, that if you do not receive a response granting your request, then it is deemed denied and you need to appear at the hearing in person at the local office. Is telephone conferencing a matter of right or is it merely a privilege that can be denied? It is a privilege that can be denied, Your Honor. The statute, the public aid code, as stated, states that the hearing officer may permit appearance by telephone. And this statute, the statute was amended after a number of appellate court cases that interpreted the previous version of the law to not allow telephone appearance under any circumstances. The statute was then amended to permit telephone appearance, but this is discretionary. The hearing officer has a great deal of discretion in deciding how to conduct the hearings. But even before we get to the merit of the mandamus complaint, the first and really the only issue that this Court needs to reach is the problem that we have a mandamus complaint at all. The administrative review law and the public aid code are very clear that the request for reinstatement and indeed the dismissal of the appeals itself is a final administrative decision that is reviewable only under the administrative review law. And here plaintiffs did not file within 35 days an administrative review action. So they cannot come to the court with a mandamus petition. That's really all this Court needs to decide in this case. The argument is that there was no final decision because there was no hearing. And in that regard, if you could distinguish the Suchet case, because in Suchet there was no hearing, the Court found a violation of due process and the mandamus action could lie. Yes, that case is distinguishable, Your Honor, as you said. First of all, the argument that there cannot be administrative review because there was no hearing is meritless. This Court rejected that same argument in the Midland Enterprises case, which my opponent has never addressed. The fact that there's no hearing does not mean that there's no administrative record. The administrative record would consist of the filings made by the plaintiffs as well as the Department's notices and decisions. This could then be reviewed by a court sitting in administrative review, and that court would grant the relief that they seek. The problem in the case that Your Honor cited was that the fired police chief was not ever given an opportunity for a hearing. And that was the reason that mandamus could be granted. There was no administrative procedure whatsoever. Here, the plaintiffs were given a meaningful opportunity for a hearing, but they did not avail themselves of that opportunity. If, in fact, there was no hearing, what record does the Department make or effectuate in order to establish a record for purposes of administrative review? In other words, if these appellees had filed complaints in administrative review, the Department was required to file an answer, and the answer was supposed to be the record. And my question to you is, what would they have filed or get filed? The Department's administrative record would their appeal to the Department request for a hearing, the Department's notices scheduling the hearing, their requests that the hearing be rescheduled or that their representative appear by phone, the Department's dismissal notices, or in the case of Ms. Guerrero, there was a hearing. So her administrative record would include that hearing. And then the further requests, notices scheduling the hearing, the dismissals of the appeals, the requests to reinstate, the denials of those requests. So there would be an administrative record for a court to review. In Ms. McCoy's case, it would not include any kind of hearing transcript, but the administrative review law does not require a hearing transcript for administrative review. And the appellate courts of the state have routinely reviewed dismissals for failure to appear at a hearing. The Mohawk case is one such example, where the petition for review of the agency's decision was dismissed because the complainant did not appear. There was no problem in reviewing that record under administrative review. Your second issue is that the appellees had no clear legal right. Is it because they are seeking mandamus in relation to what is not a ministerial function? Correct. Yes, Your Honor. Would you elaborate please? Yes. They are seeking to overturn the defendant's exercise of discretion. As we discussed briefly earlier, the decision whether to allow a postponement or appearance by phone is discretionary with the department. Mandamus does not lie to correct exercises of discretion, even if, as is alleged, there was an abuse of that discretion. You said correct. My understanding is it's somewhat different. You may be looking at the telescope through the wrong end. Mandamus is not supposed to be a review of anything relative to discretion. It's supposed to seek to force the exercise of a ministerial function. And the affirmative matter or defense that is raised is that this is not a ministerial function. This is an exercise of discretion. I'm not looking at this back end of the elephant instead of the front. But I would appreciate it if you would change your perspective or your frame of reference and argue in terms of not that this is or isn't an abuse of discretion, so much as this is or isn't a ministerial act, which the court then has some ability to adjudicate. I understand, Your Honor. So this is not a ministerial act. There is no law requiring that the defendants approve of a request for a postponement or approve of a request to appear by telephone. So the point being that you cannot review whether or not an exercise of discretion was an abuse through Mandamus? Correct. Yes. And that is what you are suggesting the court's judgment. So the trial court abused its discretion in regard to questions about abuse of discretion? Yes. Yes, Your Honor. And if we move along and even if this court finds that there was a sufficient complaint here, that you can entertain a Mandamus action, the third problem with the court's judgment is that it was entered following simply our motion to dismiss. There was no evidence submitted. We in fact have evidence that would contest plaintiff's allegations. Of course, we have to take those as true for just looking at the complaint. But at the end of the day... Did you object to that procedure? We objected to the jurisdiction of the court, repeatedly. And we were not given an opportunity... Well, if you object to the jurisdiction, you're not necessarily objecting to the procedures that the trial court's exercising or effectuating. If you're alleging abuse of discretion, well, it would seem that what you are saying is that you were denied due process because you never had a hearing on the merits. That's true. Because he supposedly ruled on a motion to dismiss and granted the relief sought in the petition or the complaint without having a hearing on the merits of the validity of the complaint or the petition. Yes, that's what happened. Which really isn't so much an abuse of discretion as it's a violation of procedural due process. In other words, you weren't given notice and an opportunity to be heard. The underlying leading upon which he granted relief. Instead of denying your relief and going to the trial on the merits, he went straight to a judgment. Yes, that is what happened here. Was there a motion to reconsider filed? There was. Or was that raised in the motion to reconsider? It was not, Your Honor. The motion to reconsider was based, again, on the lack of jurisdiction because of the nature of the action not being an administrative review action. Was that before the deadline? It was not raised to the trial court. One last point. If the court is even inclined to view the mandamus petition broadly as an administrative review petition, it still would should be dismissed because it was not timely. Just to lay out the timeline for the court, the administrative decisions were issued in January of 2007. The 35 days began to run then. The complaint here was not filed until May. So it was beyond the 35-day window. So even if the court were inclined to view the petition broadly, it still could not be considered a timely administrative review action. I have a question about the McCoy hearing in particular. I accept that the hearing officer has the discretion to deny the continuance. But then what that appears to mean is that if a proper motion or proper administrative review is brought and the allegation is I needed more records to prove the issue at hand and I was not given that opportunity, I would say 9 out of 10 trial courts are going to return that to allow the full hearing. And so what happens by doing this is effectively the department is delaying what may well be the inevitable. And what is the point of that if the issue we're faced with today is let's have the hearing, let's be fair, let's move on to the next case. And let's don't do it at the request or the person requesting the aid expense. Thank you. Your Honor, yes. In administrative review, the court would look at the entirety of the requests that were made. Here, the complaint is not complete. Let me say that. In administrative review, this court would have the entire administrative record before it. The allegations made in the claim about Ms. McCoy are incomplete. Had we been given an opportunity to provide an administrative record, it would have been clear to the court that Ms. McCoy was given many other opportunities, not simply the one that is alleged in the complaint. So it is not clear to me necessarily that in administrative request as sanctions? Does the agency have sanction powers? Because that's what it sounds like. If we've completed the record, that might be what's happening. I don't believe that the agency would deny a request as a sanction. The agency gave this claimant a request by counsel to obtain medical records. At a certain point, the department can say no, no more extensions. And if the court had the full record before it, that would be clear. You'll have an opportunity for rebuttal. Thank you, Your Honors. Ms. Manning? May it please the Court, Brenda Manning from Dennis Bremner & Associates for the Eppley's. Could you speak up a little louder? Maybe pull it down a little bit. Sure. An issue in this case is, as we just discussed, the dismissal of Ms. McCoy's case for failure to appear following a first request for postponement so that she could obtain additional medical records in support of her disability claim. Something permitted as a matter of course under Medicaid policy and to the dismissal of Guerrero's appeal for failure to appear in person when her representative requested to appear by phone and when that request was not honored. Do you agree that the policy or practice is that if you do not receive an answer granting your request, then it is presumed that the request is denied? That is not the practice. And if you look at the record, I believe in the Guerrero case, the case was initially commenced by telephone in June of 2006. There was another hearing that was scheduled, I believe it was in October of 2006. And in that case, the representative requested, again, to appear by telephone due to multiple scheduling conflicts, offered to initiate the call, bear the cost of the call, or in the alternative, if it could be continued. And in that case, the representative, Nora Guerrero, appeared in person at Ogle County DHS for that hearing. Yet despite that, the hearing was not dismissed. I think about a week later, the department issued a notice indicating that it would be reset to a later date. That's the procedure that happened in this case. But is there a rule on the books that says that if you don't receive a notice from us saying your continuance has been granted, that it's denied, you have to appear? Their policy does state that, but I'm saying that's not their practice. Well, isn't that an act of discretion then, whether they follow their policy or not? I mean, you could certainly say it's a violation of due process if they follow the policy just for your clients and not for anybody else. But a violation of due process could have been raised in the circuit court on administrative review just as it could have been in a mandamus action. The issue that we have is just that you can request a postponement, you can request a phone hearing, you never hear. So are you supposed to show up in all of these cases? We're talking about, for instance, McCoy, she's a disabled woman. She lived 84 miles round trip from Ogle County DHS. Is she supposed to show up at the hearing just to check to see if her postponement was granted for purposes of obtaining additional medical? When, according to the department's policy handbook, it should have been continued. It was timely done. And as a matter of course, because it was a first request, it should have been approved. Well, let's assume the merits are there. Why couldn't that have been raised in the circuit court and administrative review within 35 days of dismissal? Well, I don't agree with what Ms. Murphy said concerning what the administrative record consists of. The administrative record never consists of correspondence from the department. It consists of the application for benefits, the notice of decision. There's something that caseworkers sometimes prepare. It's called a statement of facts. If it's a case involving medical, there might be medical records. And then it would be the hearing transcript and the final decision. So what you're saying is that they don't, it's not a question of whether or not you receive a letter denying your request. It's there's no letter ever sent denying your request. Is that correct? You said this is what the record is. Well, you didn't say, or maybe you did, I thought you either left it out or you said something to the effect that correspondence is not included in the record. That's correct. Well, I think that's a negative fragment. And it can mean two things. It can mean first, there is no correspondence. Ergo, it's not in the record. Or there is correspondence, but it's not placed in the record or included in the record in administrative review. So my question to you is, they talk about if you don't receive it, you are to conclude that it was denied. Well, I wrote a dissent in a case where somebody didn't get something, but they claimed that they mailed it. So under these procedures, do they mail something but you didn't get it? And if they mailed it, do they include in the record a copy of the letter that indicated that it was mailed with a cover date, but not necessarily with a certification, return receipt requested such that it's evidence from the Postal Service that this was actually mailed? Nor is there a certificate of mailing or an affidavit of mailing. So my question to you is, when you said it's not included in the record, does a letter get sent but it is not included in the record? Or is it there is no letter ever sent? The answer is that there are letters that are sent and they're not included in the record. And the correspondence that, for instance, I sent in these cases requesting the postponement, requesting the phone hearing, that is not included in the record. And you can't move to supplement the record in the trial court? It's my understanding under administrative review law that they won't accept more additional evidence. Does the circuit court have the power to remand? They do have the power to remand. The problem that I see is I don't know how you ever reach the issue. How do you ever reach the issue that they don't hold phone hearings unless you go through? That they don't hold, for instance, like phone hearings. How would you reach that issue in administrative review? That's why we pursued a mandamus action. It would be very easy. What might be more difficult is proving that you didn't get them. And the way you would probably prove that is to prove, as you said, you were incapacitated. You couldn't make it. You didn't receive a letter. Maybe the record shows that a letter was never sent as opposed to a letter that isn't in the record that was sent that you didn't receive. And I believe the case that I was referring to pointed out that administrative review law says that you can, in fact, amend or have the record include things that were presented before the administrative agency or prepared by the administrative agency for purposes of a hearing or procedure. What you cannot do is you cannot create things that didn't exist prior to the time of the judgment being made and then, quote, unquote, reconstruct something that didn't exist prior thereto. So I believe, based upon my knowledge of the law, if in fact they had sent a letter that they didn't include in the record, a trial court has the authority and a petitioner or a party has the right to ask that something that was part of the proceedings be included in the record despite the fact that the agency didn't do it or explain why it isn't in the record because it was never sent out or we can't find the letter. In either one of these cases, have there been previous communication that indicated you needed additional time and then there was either a phone call noted or a letter sent back saying that you got, we'll give you that time? Because you said that it may be their not with other cases, but in these two cases, did they not do consistent with their policy? Well, for instance, in the case of Guerrero, they started the administrative hearing in June of 2006 and the hearing officer continued it because she wanted a policy reference and we couldn't locate it quickly enough for her. The case was rescheduled, I believe, in October of 2006. I requested the phone hearing or any alternative for a continuance. I didn't show up for the hearing, neither did my client in person at Ogle County DHS. And according to their policy, the case should have been dismissed at that point and it wasn't. They issued a notice, I think it's about a week later, a week after the hearing stating that it would be reset to a later date. So that's one example. All right. Did anything of a similar nature occur in the McCoy case? In the McCoy case, the policy manual dictates that when you're requesting an initial continuance that it will be granted as a matter of course and you don't need to show good cause. Yet they dismissed her case for failure to appear at the hearing and issued in the notice said that she had to respond and she had to show good cause, which it conflicts with their policy. So that was McCoy. McCoy never got to a hearing. That would have been the first year? Correct. That's my understanding. But counsel indicated that there might have been previous requests for additional time to get records. Did those get approved? It was my understanding. I thought that was the first hearing in December. Doesn't the jurisdictional issue boil down to whether this letter that was received was a final administrative decision? Because if it was, then you have to go administrative review and if it wasn't, then maybe mandamus would be the way to go. An administrative decision under the administrative review law is one that, a determination that affects the legal rights of a party and terminates the proceedings. How did this not, I mean certainly it affected both individuals' legal rights and terminated both proceedings. How is it not a final administrative decision? Well, it's my understanding that there are certain requirements that have to go into the notice, such as that you have to file within court or to the circuit court, the time limit being the 35 days, and the notices were not that specific in nature. So the notices were defective? Correct. Well, the defective notices, again, couldn't that have been raised in administrative review? Are you saying that the dismissal notices didn't comply with the Administrative Procedures Act? Is that what the issue is? Correct. But the Administrative Procedures Act is specifically excluded in the public aid code for hearings of this nature. But there are federal requirements with respect to hearings and what you have to notify an appellant of, and we're just saying that they don't comply with those requirements. In your mandamus action, did you allege that the letter, the judgment that the agency executed or entered was void for lack of jurisdiction? No. Do you see why that might have some merit? The case law basically is that if you're in administrative review, you have two avenues. One is administrative review, or you will collaterally attack the judgment based upon the lack of jurisdiction of the agency because of some defect, which either it never had the authority or removed its authority to enter whatever judgment it did. Do you agree that the trial court never really had a hearing on the merits, that it went directly from a motion to dismiss, that it denied and then entered judgment in your favor? That is correct. It was a surprise. Surprised that the judge did that. Were you surprised? Pardon? Were you surprised? My boss did the argument. He was surprised that he did it that way. But the assistant attorney general that was there did not object to the information that was provided. Okay. Do you have any other questions? Is your time up? Thank you, ma'am. Thank you. Three quick points, Your Honors. First, the representation that has been made that the request in the complaint regarding the postponement for Ms. McCoy's medical records was the first request is an allegation that we have previous requests that would have been in an administrative record. And so that should be treated by this court simply as an allegation that we would have opted to disprove had we been given that opportunity. Second, with respect to the record in this case, as Your Honor noted, the court sitting in administrative review would absolutely have the ability to remand to the department if the record, in fact, did not include the correspondence that counsel says would be necessary. And, in fact, in our supplemental appendix attached to our reply brief, we have the passage at hearing where Mr. Brevner stated that he has in previous cases sought administrative review of these dismissals. And if the record is insufficient, the court remands it back for a hearing to be conducted. So they can do this. In fact, counsel has done this in the past. There's no reason why it couldn't have been done here. But do you stand by your position that the correspondence would have been in that file had it been properly constituted? Yes. Yes, Your Honor. I stand by that. It should be. The administrative record should consist of all of the proceedings before the department. And if there is an omission, then that is something that should be added to the record. All of the proceedings before the department is a motion to continue a proceeding before the department? Yes. It is considered a proceeding? Yes. It is a request, and it needs to have, and it has a response. And so that all would be... Well, it doesn't necessarily have a response. Well, the response is that there's either a postponement granted or not. And then the hearing goes on as scheduled or not if the parties do not show up. And was there a deviation from that particular policy in the Guerrero case, as noted, when the October hearing was scheduled but no one appeared, and instead of dismissal, it was reset? That was not a deviation. That was an exercise of discretion on the department's part. And for counsel now to say that because defendants exercise their discretion in plaintiff's favor a couple times, they have to exercise the discretion in plaintiff's favor forever doesn't make any sense. This is quintessentially an exercise of discretion. Sometimes that means... Well, it makes logical sense. It may not make legal sense, but it's not irrational. It's not irrational. You expect, okay, they've been nice to me a couple times. You know, why have they stopped? Unless they become mean to you? At a certain point, the department certainly has the right to exercise its discretion and say no more. And finally, counsel suggested that the disabled plaintiff here was required to haul herself up and get herself to the location. But she never requested to appear by phone. The actual claimant did not ever make that request. It was the representative who asked to appear by phone. The department has an obligation under the ADA to provide a hearing by phone for people who are disabled and are not able to transport themselves. So that is not an issue in this case. This is about whether a representative should be able to be heard by phone. And there is no right for that to happen. Have you represented the department in administrative review in the trial court level? I have not, Your Honor. Despite your lack of experience in that area, are you aware of whether or not complaints in administrative review have been filed alleging a violation of the ADA regarding a refusal by the department to grant a request for telephonic conferencing? I am not aware. I am not aware. I thought McCoy never asked for telephonic conferencing. Guerrero asked for the telephone. McCoy asked for the continuance, right? Correct. Yes. Unless the court has further questions. Any other questions? No. Thank you. We ask that you reverse. We'll take a short recess. There are other cases.